UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-MC-23666-MARTINEZ/GOODMAN

EDGEFIELD HOLDINGS, LLC,

    Plaintiff,

v.

PAUL L. ADAMS, et al.,

    Defendants.
_____/

### ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

United States District Judge Jose E. Martinez referred Defendant Paul L. Adams' ("Defendant") motion for Rule 11 sanctions to the Undersigned. [ECF Nos. 14; 22]. The Undersigned has reviewed the motion and Plaintiff Edgefield Holdings, LLC's ("Plaintiff") response in opposition to the motion [ECF No. 15]. Defendant has not filed a reply. For the reasons outlined below, Defendant's motion for Rule 11 sanctions is **denied**.[1]

---

[1]     A United States Magistrate Judge has authority to enter an order (as opposed to a report and recommendations) **denying** sanctions. *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 767, 683 n.2 (S.D. Fla. 2012) (noting that the nature of the sanctions actually imposed, if any, dictates whether a magistrate judge has authority to enter an order). *See generally Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("[e]ven [where] a movant requests a sanction that would be dispositive, if the

I.     BACKGROUND

On April 8, 1996, the United States District Court for the District of Massachusetts entered a final judgment of money damages in favor of Plaintiff's predecessor in interest, the Federal Deposit Insurance Corporation as Receiver for the Bank of New England, against Defendant (among other defendants) (the "judgment"). [ECF No. 1]. On October 1, 2015, Plaintiff, pursuant to 28 U.S.C. § 1963, initiated a proceeding in the United States District Court for the Southern District of Florida to register the foreign judgment. [ECF No. 1]. On October 2, 2015, Plaintiff filed a Notice of Filing Assignment of Judgment and Loan Obligation. [ECF No. 3].

On March 4, 2016, Plaintiff sent a letter to Defendant, regarding its intention to serve Subpoenas *Duces Tecum* (without deposition) on non-parties. [ECF No. 4, p. 2]. On March 24, 2016, Defendant filed a motion to quash and/or for a protective order regarding Plaintiff's Subpoenas *Duces Tecum*. [ECF No. 4].

On June 21, 2016, Plaintiff filed a motion to renew the judgment.  [ECF No. 10].

On June 30, 2016, pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendant's counsel notified Plaintiff's counsel via e-mail and US Mail about Defendant's intention to seek sanctions and provided Plaintiff's counsel with the proposed motion for Rule 11 sanctions. [ECF No. 15-1]. On July 14, 2016, Plaintiff's counsel sent a response letter to Defendant's counsel, contesting the proposed motions

---

magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a)) (internal citations omitted).

for sanctions. [ECF No. 15-2]. On July 28, 2016, Defendant filed the Rule 11 sanctions motion.

On November 2, 2016, the Undersigned entered an Omnibus Report and Recommendations on Plaintiff's motion to renew final judgment and Order on Defendant's motion to quash and/or for a protective order ("Report"). [ECF No. 21]. In that Report, the Undersigned recommended that Judge Martinez deny Plaintiff's motion to renew the expired judgment. I also granted Defendant's motion to quash, as such discovery was based on Plaintiff's collection efforts regarding the expired judgment. That Report did not address Defendant's motion for Rule 11 sanctions because it was not yet referred to me.

I.     ANALYSIS

    A. **The Rule 11 Standard**

Federal Rule of Civil Procedure 11 provides that an attorney signing a pleading, motion, or other paper presented to a court is certifying that the claim raised in that document is not frivolous and is not brought for an improper purpose. Fed. R. Civ. P. 11(b). The rule allows for sanctions where a party violates that certification, but only after notice and the opportunity for the offending party to respond. Fed. R. Civ. P. 11(c).

In this Circuit, "a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have

been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal citation omitted).

Under this first prong -- whether the party's claims are objectively frivolous -- the reviewing court takes into consideration what was reasonable to believe at the time that the subject of the sanctions motion was filed. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987). Sanctions for an objectively frivolous claim are proper in these three circumstances: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates*, 87 F.3d at 1254.

If the first prong of the analysis is met, then a reviewing court moves to the second prong. The second prong -- the reasonable inquiry prong -- "focuses on whether the lawyer should have been aware that the claims were frivolous[.]" *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238-39 (S.D. Fla. 2008). To determine whether the attorney's pre-filing inquiry was reasonable, the reviewing court looks to the amount of time that was available for investigation before filing the document in question, whether the signing attorney had to rely on a client for the underlying facts at

4

issue, and whether the document "was based on a plausible view of the law." *Id.* (internal citations omitted).

### A. <u>Defendant Does Not Satisfy the First Prong of the Frivolity Test</u>

Under the first prong of the frivolity test for Rule 11 sanctions, Defendant argues that Plaintiff's motion to renew the judgment lacks any colorable basis in both fact and law. Although the Court previously agreed with Defendant when I recommended that the District Court deny Plaintiff's motion to renew the judgment, that does not necessarily mean that I find Plaintiff's motion frivolous.

Pursuant to § 95.11(1) of the Florida Statutes, the statute of limitations for an action on a judgment or decree of a court of record in the state of Florida is twenty years. Under Florida law, "[i]f the statute of limitation period has **almost run** on the judgment . . . the judgment creditor can start the limitation period anew by bringing an action upon the judgment." *OMS Collections, Ltd. v. Tien*, 634 F. App'x 750, 754–55 (11th Cir. 2015) (internal citations omitted) (emphasis added).

Defendant claims, and this Court agrees, that there was no issue that the statute of limitations on the judgment **has** run and that Plaintiff's judgment unequivocally expired because the judgment was originally entered on April 8, 1996 and Plaintiff filed the motion to renew the judgment on June 21, 2016.  Defendant argues that Plaintiff knew or should have known that seeking to renew the judgment *more than twenty*

*years after its entry* (and after the applicable limitations period has run) is neither supported by the facts nor the law.

Defendant also claims that Plaintiff "disingenuously attempts to piece together an amalgamation of various state and federal rules of civil procedure in conjunction with the ancient common law writ of scire facias to try and overcome what it already knows to be true – the Judgment it seeks to renew has already expired by operation of law." [ECF No. 14, p. 6].

Plaintiff claims that there was a colorable basis both in law and fact to file the motion to renew the judgment. Plaintiff claims that it is entitled to renew the expired judgment through the issuance of a writ of scire facias and that Florida courts have held that "the statute of limitations do not apply to bar the scire facias proceeding, since it was not a 'new and independent' action." *Burshan v. Nat'l Union Fire Ins. Co.*, 805 So. 2d 835, 842 (Fla. 4th DCA 2001) (quoting *B.A. Lott, Inc. v. Padgett,* 14 So. 2d 667, 669 (Fla. 1943)).

In support of this theory and before I issued my Report, Plaintiff provided me with several bar journal articles: Richard H.W. and Cynthia Lynne, *"The Life of a Money Judgment in Florida Is Limited-For Only Some Purposes,"* 79 FLA. B.J. 20 (Aug. 2005); Thomas W. Franchino, *"The Florida Enforcement of Foreign Judgments Act What Time Limit Applies?"* 74 FLA. B.J. 22 (Oct. 2000); and Michael G. Tanner, *"Federal Judgments in Florida—Still Good After Five Years,"* 73 FLA. B.J. 63 (Dec. 1999). [ECF No. 20].

In the Report, I rejected Plaintiff's argument that the motion to renew the judgment was not a new and independent action because the *Burshan* and *Padgett* cases involved the inapplicable circumstance of enforcing a judgment *lien*, as opposed to renewing a judgment that has already expired. [ECF No. 21, p. 5]. I also determined that under *Burshan* and *Padgett*, there is no carve-out that allows expired judgments to avoid the statute of limitations and that the bar journal authors do not cite to existing law or statutes which permit a court to renew an already-expired judgment. [ECF No. 21, p. 5].

Nevertheless, my disagreement with Plaintiff's interpretation of the law **does not** render Plaintiff's motion to renew the expired judgment frivolous. *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("Rule 11 sanctions are not appropriate, however, merely because the pleader's view of the law is incorrect."); *Brown v. Consol. Freightway*, 152 F.R.D. 656, 660 (N.D. Ga. 1993) (stating the same).

In fact, Rule 11 contemplates "some prefiling inquiry into both the facts and law," but it "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed. R. Civ. P. 11 (advisory committee note to the 1983 amendment). Thus, this Court will not punish Plaintiff's counsel for being creative and trying to advance an argument, as suggested in several bar journals, to change existing law on how Florida's statute of limitations is applied to expired judgments. Because Defendant has not met his burden under the first prong of the frivolity test, I **deny** Defendant's motion without addressing the second prong -- i.e., of reasonable inquiry.

### C. The Court Denies Both Parties' Requests for Fees

Both parties request fees incurred in connection with Defendant's motion for Rule 11 sanctions. Defendant does not cite a legal basis for requesting fees. Plaintiff claims that Federal Rule of Civil Procedure 11(c)(1)(A) provides that "[i]f warranted, the court may award to the prevailing party on the motion to reasonable expenses and attorneys' fees incurred in . . . opposing the motion." Fed. R. Civ. P. 11(c)(1)(A).

Because I do not agree that Plaintiff's motion to renew the expired judgment was frivolous, I deny Defendant's request for fees. Furthermore, while I do recognize Plaintiff's creativity in filing the motion to renew the expired judgment, I ultimately disagreed with the legal and factual arguments asserted. Thus, I also deny Plaintiff's request for fees.

## II. CONCLUSION

Defendant's motion for rule 11 sanctions is **denied.** The burden required to impose sanctions under Rule 11 is steep, and Defendant's motion has failed to meet that burden. *Lopez v. Yvette Pereyra Ans, M.D., P.A.*, 09-60734-CIV-COHN, 2010 WL 555918,

at *1 (S.D. Fla. Feb. 11, 2010). Furthermore, both parties' requests for attorneys' fees incurred for filing and responding to this motion are also **denied.**

**DONE** and **ORDERED** in Chambers, in Miami, Florida, on December 13, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record